IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID LYNN PORTERFIELD                                                          PLAINTIFF

vs.                                       Civil No. 4:14-cv-04080

CAROLYN W. COLVIN                                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

David Lynn Porterfield ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed his disability applications on December 29, 2011. (Tr. 56, 168-181). In his applications, Plaintiff alleges being disabled due to back problems and right hip problems. (Tr. 192). Plaintiff alleges an onset date of November 2, 2010. (Tr. 56, 168, 175). These applications were denied initially and again upon reconsideration. (Tr. 99-102).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, on February 14, 2013, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 72-98). This hearing was held in Texarkana, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Ms. Parker[2] testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 74). Plaintiff also testified he had completed the twelfth grade in school. *Id.*

On March 18, 2013, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 53-66). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 57, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 2, 2010, his alleged onset date. (Tr. 57, Finding 2). The ALJ determined Plaintiff had the following severe impairments and "other conditions": lumbar degenerative disc disease, lumbosacral strain, osteoarthritis, lumbar radicular syndrome, and lower back pain. (Tr. 57, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 59, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 59-65, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

---

[2] The first name of "Ms. Parker" was not included in the transcript. (Tr. 72).

> After careful consideration of the entire record, I adopt the DDS consultant's finding that the claimant has the residual functional capacity to perform a range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with only occasional stooping and crouching.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 65, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 65-66, Finding 9). The ALJ applied the Medical-Vocational Guidelines ("Grids") in making this decision. *Id.* In accordance with Rule 203.30 of the Grids, the ALJ determined Plaintiff was not disabled and had not been under a disability, as defined in the Act, from November 2, 2010 through the date of his decision or through March 18, 2013. (Tr. 66, Finding 10).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 51). On May 16, 2014, the Appeals Council denied this request for review. (Tr. 1-3). On February 27, 2014, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 9, 2014. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff raises three[3] arguments for reversal: (A) the ALJ erred in evaluating Listings 1.02, 1.04, and 11.09; (B) the ALJ erred in evaluating the medical evidence; and (C) the ALJ erred by failing to submit a complete hypothetical to the VE. *Id.* The Court will consider each of Plaintiff's arguments for reversal.

    A.    **Listings 1.02, 1.04, and 11.09**

Plaintiff claims his impairments meet the requirements of Listing 1.02. ECF No. 11 at 11-14. Listing 1.02 requires the following:

> 1.02 Major dysfunction of a joint(s) (*due to any cause*): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With: A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; OR B. Involvement of one major peripheral joint in each upper extremity

---

[3] Plaintiff actually raises *four* arguments for reversal. However, because Plaintiff's second and third arguments are the same, the Court will address them together under "B."

>   (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

In Plaintiff's case, he does not establish (or even argue) in his briefing that he suffers from a "gross anatomical deformity." Such an impairment is required for Plaintiff to establish he meets the requirements of Listing 1.02. Plaintiff has the burden of making this showing. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing"). Because he has not met his burden, the Court cannot find the ALJ erred by finding Plaintiff's impairments do not meet the requirements of Listing 1.02.

Likewise, apart from *stating the requirements* of Listings 1.04 (disorders of the spine) and 11.09 (multiple sclerosis), Plaintiff has made no affirmative demonstration that his impairments meet the requirements of those Listings. Because Plaintiff has the burden of demonstrating his impairments meet the requirements of these Listings, the Court will not, without appropriate briefing, engage in speculation as to whether those requirements *might* be met. Thus, the Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a social security appellant's conclusory assertion that the ALJ failed to consider whether he met the Listings where the appellant provided no analysis of the relevant law or facts).

### B.     Medical Evidence

Plaintiff claims the ALJ erred in evaluating the opinions of Dr. H. Patel. (Tr. 357-393, 480-484). On February 11, 2013, Dr. Patel completed a RFC checklist assessment form. (Tr. 480-484). In this form, Dr. Patel stated Plaintiff suffered from a number of limitations and was "unable to

work." *Id.* In his decision, the ALJ considered Dr. Patel's findings but discounted them for the following reasons:

> I have given special attention to the assessment/rating of Dr. Patel of the claimant's functional limitations, limitations which would also preclude competitive employment. Exhibit 15F. The regulation at 20 C.F.R. § 404.1527(d) lists a variety of factors for consideration in evaluating medical opinions. The difficulty in this case boils down to (d)(6), the lack of understanding of the disability program and the underlying evidentiary requirements. The other factors cannot compensate for this particular defect. Specifically, Social Security Ruling 96-7p provides that if the impairments could not reasonably be expected to produce the symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.

(Tr. 64). After reviewing the ALJ's evaluation, the Court finds the ALJ has supplied "good reasons" for discounting the opinions of Plaintiff's treating physician, and the Court finds no basis for reversal on this issue. *See* 20 C.F.R. § 404.1527(c)(2) (2012) (requiring "good reasons . . . for the weight we [SSA] give your treating source's opinion"). This is especially true since Dr. Patel submitted this checklist form finding Plaintiff was "unable to work" without any evidentiary support; as such, his opinions are not entitled to controlling weight. *See House v. Astrue,* 500 F.3d 741, 744 (8th Cir. 2007) ("[a] treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination").

  **C.**  **Hypothetical to the V.E.[4]**

Plaintiff claims the ALJ erred by supplying a defective hypothetical to the VE which did not contain all of his limitations. ECF No. 10 at 20-21. In making this argument, it appears Plaintiff is

---

[4] This is a curious argument because the ALJ actually decided Plaintiff's case by applying the Grids, not by relying upon the VE's responses to hypothetical questions. (Tr. 65-66, Finding 9).

again addressing the ALJ's RFC assessment. As noted above, however, the Court finds no basis for reversing the ALJ's RFC assessment. Thus, the Court likewise finds no basis for reversal on this issue of whether the ALJ supplied a proper hypothetical to the VE.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE